<hr />

CHARLES G. LORING & others, Executors, *vs.* THEODORE OTIS.

A deed of land, bounded on "a street recently laid out and called A. Street," and conveying "the right to use said A. Street, in common with the grantors and other persons to whom they may grant the same privilege, as a public road or highway," contains an implied covenant that a street has been laid out, but not that it has been constructed or used for travel.

Unliquidated damages, occasioned by the failure of a grantor to join, pursuant to a previous written agreement for the sale of the land granted, in the construction of a street bounding on said land, cannot be set up either as a failure of consideration, or in set-off, in an action upon a promissory note given in consideration of the conveyance.

ACTION OF CONTRACT on a promissory note for $13,927.84, and interest, dated April 7th 1846, and made by the defendant to Amos Binney, the plaintiff's testator.

Answer, that the consideration of the note was a deed, dated April 6th 1846, from Binney and others to the defendant, of land in Roxbury, which described the land granted as bounded on one side on "a street recently laid out and called Otis Street;" and conveyed to the defendant "the right to use said Otis Street, in common with said grantors, their heirs and assigns, and all other persons to whom they may grant the same privilege, as a public road or highway"; that the grantors thereby impliedly covenanted with the defendant that there was such a street, although in fact no such street actually existed, or had

ever been made or laid out; whereby the defendant had been prevented from having convenient access to said land, and the land had therefore been of less value to him than it would have been if said street had actually been made; and so there was a partial failure of the consideration of the note.

The defendant also filed a declaration in set-off, containing two counts, in one of which he set forth the covenant relied upon in his answer, and averred that no such street was made or legally laid out at the time of said deed, or since, until within the last six months, and that, in the absence of such street, he had been prevented from having convenient access to said land, and had been damaged; and in the second count, averred that said deed was taken by the defendant pursuant to an agreement made in writing on the 5th of December 1845 between the parties to the deed, for the sale of said land, which described said street as " a street contemplated to be laid out," as " laid out thirty five feet in width," and also mentioned said street thus : " Said street is shown upon a plan in possession of said Binney ; " " said road is traced on said land with dotted lines; the said road is to be constructed at the joint expense of said Binney and said Otis, (the travelled path to be graded twenty four feet wide, and finished only so far as to make the same passable and convenient,) whenever either party shall notify the other in writing of his wish to have the same built ; " that said Binney in June 1846, and his executors in October 1849, had been respectively requested in writing by the defendant, to build said street, or contribute with the defendant towards building the same, but had neglected and refused so to do ; that within the last six months the defendant had expended six hundred dollars in building it ; that the land over which said street was to be built had never belonged to the defendant ; and that the want of such street had prevented the defendant from having a convenient access to the land bought by him as aforesaid, and had thus damaged him.

At the trial, before *Thomas*, J., the defendant introduced evidence of the facts alleged in his answer and declaration in set-off; and the plaintiffs agreed that the land on which said street

was to be built was, at the time of the delivery of said deed, the property of the grantors, and " that the defendant may have the same benefit of his declaration in set-off as he would have if the claim therein stated had been put in in bar to the cause of action." The judge reserved the case for the consideration of the full court.

*G. S. Hillard,* for the plaintiffs.

*G. Minot,* (*R. Choate* with him,) for the defendant, to the poin that the terms of the deed constituted an implied covenant that Otis Street existed as a street, adapted, either by nature or art, for travel, cited *Tufts* v. *Charlestown,* 2 Gray, 271; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Greenwood* v. *Wilton Railroad,* 3 Foster, 261; *Moale* v. *Mayor, &c. of Baltimore,* 5 Maryland, 314; and to the point that the defendant had a right to a deduction of the amount of the note, both on account of the breach of this covenant and the breach of the first agreement, cited *Harrington* v. *Stratton,* 22 Pick. 510; *Daggett* v. *Daggett,* 8 Cush. 520.

METCALF, J. Has the defendant shown a partial failure of the consideration of the note in suit? The deed of the land, for which the note was given, bounded it on " a street recently laid out and called Otis Street," and conveyed to the defendant " the right to use said Otis Street in common with the grantors, their heirs and assigns, and all other persons to whom they may grant the same privileges, as a public road or highway." This doubtless is an implied covenant that a street had been laid out, either by public authority or by the owners of the land. *Parker* v. *Smith,* 17 Mass. 413. But it is not a covenant that a street or road had been constructed and could be used as a passage way, at the date of the deed. If it had then been laid out by the county commissioners or by the town authorities, though not made fit for travel, the grantors' covenant would not have been broken by the omission to construct the road, nor by its discontinuance.

Although the words of the deed, bounded by " a street laid out," do not show by what authority it was laid out, yet it seems to be a fair inference from the terms in which the grant was made to the defendant of the right to use the street, that it

was laid out by the owners of the land—the grantors themselves. And by the agreement for the sale of the land, made between the defendant and the grantors in December 1845, four months before the defendant received his deed, it appears what was meant by " a street laid out; " that it was a street not constructed, but was to be thereafter constructed at the joint expense of the plaintiffs' testator and the defendant, whenever either of them should notify to the other, in writing, his wish to have the same built. In that agreement, the street is called " a contemplated street," " a street laid out thirty five feet in width," and " a road traced on a plan in dotted lines."

Such being the facts, the court are of opinion that the defendant has not shown any failure of the consideration of the note in suit. The contemplated street, the street laid out, the road traced on the plan, was the street on which his land was bounded, and the right to use which was conveyed to him. It was not then constructed, but was to be constructed at his and Binney's joint expense. The failure of Binney to join in constructing it is a subject of damages, which do not affect the consideration of the note.

Nor can those damages be set off against the note, under the counts in set-off filed by the defendant. Those counts, as framed, are clearly for unliquidated damages, which are not the subject of set-off. If the defendant had filed a claim for half the expense incurred by him in the construction of the street, perhaps it might have been allowed in offset.

*Defendant defaulted.*